IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

Civil Case No. 5:24-cv-00072

| | |
|---|---|
| NATHANIEL D. ROSE., | ) |
| Plaintiff, | ) |
| v. | ) |
| MOORESVILLE POLICE DEPARTMENT, | ) **DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS** |
| Defendants. | ) |

NOW COMES Defendant, Mooresville Police Department, through undersigned counsel, and respectfully submits this Brief in support of their Motion to Dismiss pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure and requests that this Motion be granted. Plaintiff has failed to state a claim upon which relief can be granted and this Court lacks jurisdiction as the Mooresville Police Department is not a cognizable legal entity capable of suit.

## NATURE OF THE CASE

Plaintiff filed his Complaint on February 1, 2024. (D.E. 1-1). In his Complaint, he names Mooresville Police Department as the only Defendant. (D.E. 1-1). On February 2, 2024, the Mooresville Police Department was served with this Complaint and a Summons. (D.E. 1-1). In

his Complaint, Plaintiff alleges the Mooresville Police Department is liable to him for (1) unlawful detainment; (2) excessive use of force; (3) negligence; and (4) violation of Plaintiff's constitutional rights under the United States Constitution. (D.E. 1-1).

## STATEMENT OF FACTS

Plaintiff alleges he was jogging near the Water Lynn Community Pool on December 12, 2023, when he was aggressively approached by Mooresville Police Department officers. (D.E. 1-1, ¶ 3). Plaintiff alleges the officers drew and pointed their weapons at Plaintiff while he showed no threat. (*Id.* at ¶ 4). Plaintiff claims this incident followed a resolved false swatting call at another address far away from Plaintiff's location. (*Id.* at ¶ 5). Plaintiff claims he was forcefully detained without probable cause, despite the swatting call description not matching him. (*Id.* at ¶ 6). Plaintiff alleges he complied with all officer commands but was handcuffed and placed in a patrol car. (*Id.* at ¶ 7). As a result of this incident, Plaintiff claims he suffered emotional, physical, and property damages. (*Id.* at ¶ 9).

## STANDARD OF REVIEW

In order to survive a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, Plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). Further, a claim must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556-557).

The courts do not accept legal conclusions as true, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Doe v. U.S.*, 381 F. Supp. 3d 573, 590 (M.D.N.C. 2019) (quoting *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937). While the Court accepts plausible factual allegations in the complaint as true and considers those facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F. 3d 175, 180 (4th Cir. 2000). A court cannot "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Veney v. Wyche*, 293 F. 3d 726, 730 (4th Cir. 2002) (citations and internal quotations omitted).

"Even though matters outside the pleadings are generally not considered on a Rule 12(b)(6) motion," *see* Fed. R. Civ. P. 12(d); *Am. Chiropractic Ass'n, Inc. v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004), "the court can consider 'documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice' without converting a motion to dismiss into one for summary judgment." *Shore v. Charlotte-Mecklenburg Hosp. Auth.*, 412 F. Supp. 3d 568, 573 (M.D.N.C. 2019) (quoting *Plymouth Cty. Ret. Ass'n v. Primo Water Corp.*, 966 F. Supp. 2d 525, 536 (M.D.N.C. 2013)).

## ARGUMENTS

### I. The Mooresville Police Department is not a Cognizable Legal Entity Subject to Suit.

Courts have long held that Police Departments and Sheriff's Departments are not "cognizable legal entit[ies]" subject to suit. See *Revene v. Charles Co. Commissioners*, 882 F.2d 870, 874 (4th Cir. 1989) ("'Office of Sheriff' was rightly dismissed on the basis that this 'office' is not a cognizable legal..."); *Moore v. City of Asheville*, 290 F. Supp.2d 664, 673 (W.D.N.C. 2003) (Asheville Police Department dismissed where it "is not a 'person' and, therefore, lacks

the capacity to be sued."); *Efird v. Riley*, 342 F. Supp.2d 413, 419-20 (2004); *Parker v. Bladen Co.*, 583 F. Supp.2d 736, 740 (E.D.N.C. 2008) (Sheriff's Department not subject to suit where there is no statute in North Carolina which authorizes suit "against a North Carolina county's sheriff's department"); *Brooks v. Pembroke City Jail*, 772 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("it should be clear that the entity identified as the defendant Pembroke City Jail should be dismissed from this proceeding. Claims under § 1983 are directed as 'persons' and the jail is not a person amenable to suit."); *Simpson v. Union County Sheriff*, No. 3:05-CV-408-1, 2006 WL 1367380, at *2 (W.D.N.C) ("To the extent Plaintiff's intended defendant is the Office of the Sheriff of Union County his Complaint fails to state a claim because the Office of the Sheriff is not a separate legal entity capable of being sued."); *Lyons v. Edgefield County Police*, No. 8:05-2503, 2006 WL 3827501, at *3 (D.S.C.) ("Buildings and correctional institutions, like sheriff's departments and police departments, are not usually considered legal entities subject to suit."); *Coleman v. Cooper*, 89 N.C.App. 188, 192, 366 S.E.2d 2, 5, (1988) ("In North Carolina there is no statute authorizing suit against a police department. The Police Department is a 'component part [] of defendant City … and as such lack[s] the capacity to be sued." *Citing Jones v. City of Greensboro,* 51 N.C.App. 571, 593, 277 S.E.2d 562, 576 (1981)).

As the case law is clear on this issue, the Mooresville Police Department should be dismissed from this action as it is "not a separate legal entity capable of being sued." *Simpson*, 2006 WL 1367380, *2.

## CONCLUSION

For the foregoing reasons, Mooresville Police Department respectfully requests that their Motion to Dismiss be GRANTED, and that Plaintiff's claims against them be DISMISSED WITH PREJUDICE.

This the 7th day of March, 2024.

                              CRANFILL SUMNER LLP

                BY:    */s/Jake W. Stewart*
                         Jake W. Stewart, NC Bar # 51157
                         *Attorney for Defendant*
                         P.O. Box 30787
                         Charlotte, NC 28230
                         Telephone (704) 332-8300
                         Facsimile (704) 332-9994
                         jstewart@cshlaw.com

# CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day electronically filed the foregoing ***Brief in Support of Motion to Dismiss*** with the Clerk of Court using the CM/ECF system and will send notification through the U.S. mail and electronic mail of such filing to the following:

*Nathaniel D. Rose*
151 Waterlynn Drive
Mooresville, NC 28117
*Pro Se Plaintiff*

This the 7th day of March, 2024.

                                      CRANFILL SUMNER LLP

BY:   /s/Jake W. Stewart
        Jake W. Stewart, NC Bar # 51157
        *Attorney for Defendant*
        P.O. Box 30787
        Charlotte, NC 28230
        Telephone (704) 332-8300
        Facsimile (704) 332-9994
        jstewart@cshlaw.com