FILED
CHARLOTTE, NC
MAR 22 2024
US DISTRICT COURT
WESTERN DISTRICT OF NC

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

Civil Action No. 5:24-cv-00072

| | |
|---|---|
| NATHANIEL D. ROSE,<br>Plaintiff,<br><br>v.<br><br>MOORESVILLE POLICE DEPARTMENT,<br>Defendant. | **PLAINTIFF'S OPPOSITION TO**<br><br>**DEFENDANT'S MOTION TO DISMISS** |

## I. PRELIMINARY STATEMENT

The Plaintiff stands resolute against the Defendant's Motion, which improperly seeks dismissal based on disputable procedural and jurisdictional claims rather than addressing the substantive legal issues at hand. This Comprehensive Opposition confronts each point raised by the Defendant, substantiated by legal precedents and statutory interpretations, thereby advocating for the Plaintiff's rightful pursuit of justice through judicial examination.

## II. LEGAL BACKGROUND AND STANDARD OF REVIEW

The standard under Rule 12(b)(6) for dismissing a complaint requires the Plaintiff's allegations to be accepted as true and viewed in the light most favorable to the Plaintiff. As articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and refined in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the complaint must state a claim with sufficient factual matter to suggest a "right to relief above the speculative level" and a claim that is plausible on its face. The Plaintiff's Complaint aligns with these principles and sets forth a narrative that, when accepted as true, indisputably states claims upon which relief can be granted.

## III. ARGUMENT

A. Legal Status and Capacity of the Defendant: The Defendant's premise that a police department is not a suable entity is fundamentally flawed. The police department, as an extension of the municipal government, can be subject to suit under the doctrine established by *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), which allows for municipal liability under § 1983 where the alleged unconstitutional action implements or executes a policy statement, ordinance, regulation, or decision officially adopted and

promulgated by that body's officers. The Plaintiff asserts that the Mooresville Police Department is the appropriate defendant and is prepared to demonstrate the municipal policies or customs that gave rise to the alleged violations.

B. Elaborate Factual Allegations and Claim Sufficiency: The Complaint meticulously chronicles the events surrounding the Plaintiff's encounter with the Defendant's officers, portraying a clear and unlawful overreach of their authority. The detailed allegations of excessive force, absence of probable cause, and negligent supervision offer more than mere legal conclusions; they present a factual basis ripe for trial.

C. Excessive Force and Constitutional Violations: Leaning on the expertise of Michael L. Littlejohn, the Plaintiff emphasizes the disproportionate and unjustified use of force, which was inconsistent with any rational law enforcement objective and indicative of punitive intent, thus violating clearly established statutory and constitutional rights of which a reasonable person would have known.

## IV. REQUEST FOR JUDICIAL NOTICE AND RELIEF SOUGHT

The Plaintiff asks the Court to take judicial notice of the fact that the Defendant's motion does not dispute the occurrence of the events as described in the Complaint, thus implicitly acknowledging the factual basis of the Plaintiff's claims. The Plaintiff seeks not only to survive the Motion to Dismiss but also to proceed to discovery and ultimately to a jury trial, where the full extent of the Defendant's liability can be exposed.

## V. CONCLUSION

The Defendant's Motion to Dismiss fails to establish that the Plaintiff has not stated a claim for which relief can be granted. On the contrary, the Plaintiff has presented a detailed and legally grounded claim that survives the Twombly-Iqbal plausibility standard. Dismissing this case at this juncture would deny the Plaintiff access to the remedies our legal system promises for such grievous wrongs.

Respectfully submitted,

Nathaniel D. Rose
Plaintiff, Pro Se

[151 Waterlynn Ridge Road]
[Mooresville, North Carolina, 28117]

Date: March 19th, 2024

---

CERTIFICATE OF SERVICE

I hereby certify that on this date, I have served a copy of the Plaintiff's Comprehensive Opposition to Defendant's Motion to Dismiss upon Jake W. Stewart, attorney for the Defendant, using the methods prescribed by the Court.

---

*[signature]*

[Your Signature]
Nathaniel D. Rose