IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

Civil Case No. 5:24-cv-00072

| | |
|---|---|
| NATHANIEL D. ROSE., | ) |
| Plaintiff, | ) |
| v. | ) |
| MOORESVILLE POLICE DEPARTMENT, | ) **DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS** |
| Defendants. | ) |

NOW COMES Defendant, through undersigned counsel, and respectfully submits this Reply to Plaintiff's Response to Defendant's Motion to Dismiss. Defendant addresses only matters newly raised by Plaintiff's Response and will explain why Defendant's Motion to Dismiss should be GRANTED.

## ARGUMENT

### I. The Mooresville Police Department is not a Cognizable Legal Entity Subject to Suit.

In Plaintiff's Response, he argues the Mooresville Police Department is an entity capable of being sued and cites to *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978). Plaintiff is correct that *Monell* allows for municipal liability under § 1983, however, Mooresville Police Department is not a cognizable legal entity subject to suit. In order

to successfully allege a § 1983 claim, Plaintiff must show a "person" acting under the color of state law violated his or her constitutional rights. In North Carolina, "the capacity to be sued exists only in persons in being." *McPherson v. First & Citizens Nat. Bank of Elizabeth City*, 81 S.E.2d 386, 397 (N.C. 1954). Courts have held a police department does not constate a cognizable entity subject to suit. *See Moore v. City of Asheville*, 290 F. Supp.2d 664, 673 (W.D.N.C. 2003) (Asheville Police Department dismissed where it "is not a 'person' and, therefore, lacks the capacity to be sued."); *Coleman v. Cooper*, 89 N.C.App. 188, 192, 366 S.E.2d 2, 5, (1988) ("In North Carolina there is no statute authorizing suit against a police department. The Police Department is a 'component part [] of defendant City … and as such lack[s] the capacity to be sued." *Citing Jones v. City of Greensboro,* 51 N.C.App. 571, 593, 277 S.E.2d 562, 576 (1981)).

## II. Defendant has not Admitted or Denied any of Plaintiff's Allegations

In his Response, Plaintiff asks the Court to take judicial notice of the fact that Defendant's Motion to Dismiss does not dispute his allegations so his allegations should be construed as being admitted. Plaintiff misunderstands the standard of a Rule 12 Motion. The purpose of Rule 12(b)(6) is to expose deficient allegations "at the point of minimum expenditure of time and money by the parties and the court." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Defendant's Motion to Dismiss based upon a procedurally deficient Complaint does not constitute an admission of all allegations not specifically challenged. A Motion to Dismiss under Rule 12(b)(6) is filed on the basis of whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

4876-7837-6882, v. 1

## CONCLUSION

For the foregoing reasons, Mooresville Police Department respectfully requests that their Motion to Dismiss be GRANTED, and that Plaintiff's claims against them be DISMISSED WITH PREJUDICE.

This the 28th day of March, 2024.

                        CRANFILL SUMNER LLP

                        BY:    */s/Jake W. Stewart*
                                  Jake W. Stewart, NC Bar # 51157
                                  *Attorney for Defendant*
                                  P.O. Box 30787
                                  Charlotte, NC 28230
                                  Telephone (704) 332-8300
                                  Facsimile (704) 332-9994
                                  jstewart@cshlaw.com

## **CERTIFICATE OF SERVICE**

This is to certify that the undersigned has this day electronically filed the foregoing ***Reply in Support of Motion to Dismiss*** with the Clerk of Court using the CM/ECF system and will send notification through the U.S. mail and electronic mail of such filing to the following:

*Nathaniel D. Rose*
contacttstyle@gmail.com
151 Waterlynn Ridge Road
Mooresville, NC 28117
*Pro Se Plaintiff*

This the 28th day of March, 2024.

                                      CRANFILL SUMNER LLP

                                BY:    */s/Jake W. Stewart*
                                                Jake W. Stewart, NC Bar # 51157
                                               *Attorney for Defendant*
                                               P.O. Box 30787
                                               Charlotte, NC 28230
                                               Telephone (704) 332-8300
                                               Facsimile (704) 332-9994
                                               jstewart@cshlaw.com