IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:24-CV-00072-KDB-SCR

| | |
|---|---|
| NATHANIEL D. ROSE,<br><br>    Plaintiff,<br><br>v.<br><br>MOORESVILLE POLICE DEPARTMENT,<br><br>    Defendant. | **ORDER** |

**THIS MATTER** is before the Court on Defendant Mooresville Police Department's ("MPD") Motion to Dismiss (Doc. No. 2). The Court has carefully considered this motion and the parties' briefs and exhibits. As explained below, because the MPD is not a cognizable legal entity capable of being sued, the Court will **GRANT** the motion.

## I. LEGAL STANDARD

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is to expose deficient allegations "at the point of minimum expenditure of time and money by the parties and the court." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual

1

content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). In evaluating whether a claim is sufficiently stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, ... bare assertions devoid of further factual enhancement[,] ... unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009); *see Twombly*, 550 U.S. at 555 (A claim will not survive a motion to dismiss if it contains nothing more than "labels and conclusions, and a formulaic recitation of a cause of action's elements."). That said, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id.* (internal citation and quotation marks omitted). In other words, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

## II. FACTS AND PROCEDURAL HISTORY

On or around December 12, 2023, Plaintiff was approached by MPD officers while jogging near the Waterlyn Community Pool. *See* Doc. No. 1-1 at 4. The officers, who were allegedly in the area "follow[ing] a resolved false swatting call," drew their weapons, which they pointed at Plaintiff. *Id.* Plaintiff then alleges that he was forcefully detained without probable cause. *Id.* Officers allegedly handcuffed Plaintiff and placed him in a patrol car, and Plaintiff claims he suffered physical and emotional distress, as well as damage to his Apple AirPods. *Id.* He has provided no further factual assertions regarding this encounter.

Plaintiff filed this suit on February 1, 2024, alleging that the officers violated his Fourth Amendment right against unreasonable searches and seizures by unlawfully detaining him and using excessive force. *Id.* at 5. He also alleges these actions violated North Carolina state law and brings a separate claim for negligence. *Id.* Defendant MPD removed the case to this Court on February 29, 2024. The present motion to dismiss was filed a week later, and it is ripe for the Court's review.

### III.   DISCUSSION

MPD argues that the Complaint fails to state a claim against MPD because it is not a cognizable legal entity subject to suit. The Court agrees. Plaintiff cannot sue the MPD as a separate entity. *See Hampton-Bey v. Hayes*, No. 523CV00028KDBSCR, 2023 WL 7311206, at *2 (W.D.N.C. Nov. 6, 2023) (citing *Coleman v. Cooper*, 89 N.C. App. 188, 192, 366 S.E.2d 2, 5 (1988) (holding that a police department may not be sued because "there is no statute authorizing suit against a police department")).

More specifically, in order to successfully allege a violation of 42 U.S.C. § 1983, Plaintiff must show that a "person" acting under the color of state law violated his constitutional rights. "The capacity of a governmental body to be sued in the federal courts is governed by the law of the state in which the district court is held." *Avery v. Burke Cnty.*, 660 F.2d 111, 114 (4th Cir. 1981) (citing Fed. R. Civ. P. 17(b)); *see also Smith v. Munday*, 848 F.3d 248, 256–57 (4th Cir. 2017); *Wesley v. Charlotte-Mecklenburg Cnty. Police Dep't*, No. 319CV00425FDWDCK, 2020 WL 5822216, at *4–5 (W.D.N.C. Sept. 30, 2020). In North Carolina, in the absence of a statute, "the capacity to be sued exists only in persons in being." *McPherson v. First & Citizens Nat. Bank of Elizabeth City*, 81 S.E.2d 386, 397 (N.C. 1954). Therefore, departments of municipalities are not susceptible to suit without statutory authorization. *See Martin v. Mecklenburg Cnty. Park &*

*Recreation Dep't*, 2006 WL 3780418 at *2 (W.D.N.C. Dec. 20, 2006) (departments of cities cannot be sued alone). So, "under North Carolina law, police departments cannot be sued as entities." *Smith*, 848 F.3d at 256–57 (4th Cir. 2017) (citing *Ostwalt v. Charlotte–Mecklenburg Bd. of Educ.*, 614 F.Supp.2d 603, 607 (W.D.N.C. 2008)); see also *Moore v. City of Asheville*, 290 F.Supp.2d 664, 673 (W.D.N.C. 2003), *aff'd*, 396 F.3d 385 (4th Cir. 2005) (holding in a § 1983 case that "under North Carolina law, the Asheville Police Department is not a 'person' and, therefore, lacks the capacity to be sued."); *Wilson v. Fayetteville Police Dep't*, 2014 WL 555663 (Feb. 11, 2014) (dismissing § 1983 action for failure to state a claim upon which relief can be granted because the Fayetteville Police Department is not an entity capable of being sued.").[1]

In sum, Plaintiff's claims against the MPD must be dismissed because it lacks the legal capacity to be sued.

## IV.  ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant MPD's Motion to Dismiss (Doc. No. 2) is **GRANTED**;
2. Plaintiff's claims against the MPD are **DISMISSED**; and
3. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

---

[1] Similarly, neither a Sherriff's Department nor a "Jail" can be sued. *Landry v. North Carolina*, 2011 WL 3683231, *report and recommendation adopted*, 2011 WL 3682788 (W.D.N.C. Aug. 23, 2011) (North Carolina sheriff's departments are not legal entities under North Carolina law capable of being sued); *Cherry v. Mecklenburg County Jail, et al.*, 2011 WL 3322799, at *1 (W.D.N.C. Aug. 2, 2011) ("The Mecklenburg County Jail is not a 'person' subject to suit under 42 U.S.C. § 1983.")

Signed: May 31, 2024

*Kenneth D. Bell*
Kenneth D. Bell
United States District Judge